ALD-134                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1270
_____

UNITED STATES OF AMERICA,

v.

JAMES BERNARD ARMSTRONG, JR.,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:11-cr-00089-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: May 25, 2023)
_____

OPINION*
_____

PER CURIAM

       Pro se appellant James Bernard Armstrong, Jr., appeals from the District Court's

order denying his motion for a reduction of sentence pursuant to 18 U.S.C. §

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

3582I(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will affirm.

Because we write primarily for the benefit of the parties, we recite only the important facts and procedural history. In 2011, Armstrong was convicted of three counts of drug and firearm offenses related to his leadership of an extensive drug trafficking operation. He was sentenced to the aggregate mandatory minimum of 180 months in prison.

Between May 2020 and November 2022, Armstrong filed five motions for compassionate release. Dkt Nos. 200, 202, 211, 217, 234, 236. Each of these motions was denied by the District Court. The Court repeatedly held that, *inter alia*, the 18 U.S.C. 3553(a) factors weighed against compassionate release. Dkt Nos. 209, 212, 218, 235, 236; see also C.A. No. 21-1749 (affirming the denial of Armstrong's prior motion for compassionate release).

In January 2023, Armstrong filed his sixth motion for compassionate release, claiming that his various medical diagnoses, including his recent diagnosis of Myasthenia Gravis, placed him at a higher risk of serious illness from COVID-19 and constituted extraordinary and compelling reasons justifying release. See Dkt Nos. 238 & 239. On February 1, 2023, the District Court denied the motion. Dkt No. 240. For the same reasons as before, the District Court concluded that Armstrong had not demonstrated extraordinary and compelling reasons for compassionate release, and in any event,

2

compassionate release was not warranted based on a weighing of the § 3553(a) factors. Armstrong appealed and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including a determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and the need to avoid unwarranted sentencing disparities. 18

3

U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

In its motion for summary affirmance, the Government argues that the District Court's judgment should be affirmed because it properly concluded that the sentencing factors under § 3553(a) strongly weighed against Armstrong's release, regardless of whether he was able to show extraordinary and compelling reasons justifying release. We agree.

In concluding that compassionate release was inconsistent with the § 3553(a) factors, the District Court considered the time remaining on Armstrong's sentence (currently about three years), the quantity of drugs involved in the offense, Armstrong's leadership role in the offense, and "the fact that Armstrong's sentence already reflects a downward variance of more than five years below the bottom end of the aggregate

4

Guidelines range[.]" Dkt No. 240.[1] We cannot say that the District Court committed a clear error of judgment in its assessment of the § 3553(a) factors.[2]

For these reasons, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] In its order denying Armstrong's most recent motion for compassionate release, the District Court relied on its reasoning from its earlier decisions, see Dkt Nos. 209, 210, 212, 218, 235, 237. In particular, the District Court relied on it reasoning in its July 23, 2020 order, wherein the District Court provided a thorough analysis of the § 3553(a) factors.

[2] We also discern no abuse of discretion in the District Court's rejection of Armstrong's argument regarding his presentencing release determination. Specifically, Armstrong alleged that a finding that the § 3553(a) factors weighed against compassionate release was inconsistent with the earlier determination that presentencing release with electronic monitoring was appropriate. The District Court properly rejected this argument, concluding that Armstrong "conflates two very different standards." See Dkt No. 240, at 2, n.1.